**IN THE COURT OF APPEALS OF IOWA**

No. 24-1890
Filed February 5, 2025

**IN THE INTEREST OF J.E.,**
**Minor Child,**

**S.E., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, Judge.

A mother appeals the termination of her parental rights to her son. **AFFIRMED.**

Esther J. Dean, Muscatine, for appellant mother.

Brenna Bird, Attorney General, and Natalie Hedberg, Assistant Attorney General, for appellee State.

Jean Pfeiffer, Muscatine, attorney and guardian ad litem, for minor child.

Considered by Chicchelly, P.J., and Buller and Langholz, JJ.

**LANGHOLZ, Judge.**

A one-year-old boy was taken to the hospital after suffering a head injury. While there, his treating physicians observed that his injuries contradicted his mother's version of events. The son was placed with his grandmother. And for the next fifteen months, he remained out of his mother's custody.

During this time, the mother made little progress toward caring for herself or the son. Indeed, she struggled with keeping herself healthy—refusing medication, skipping medical appointments, and failing to treat lice and fleas for prolonged periods of time. She also had trouble meeting her son's needs, often relying on others to provide housing or supplies. And because of the mother's sporadic participation in services, she never progressed beyond fully supervised visits. So the juvenile court eventually terminated her parental rights.

The mother appeals, and we affirm. The juvenile court properly denied her request for six more months to work toward reunification, as she offered little evidence showing she could make the necessary progress to eliminate the need for removal by the end of that period. From there, the mother concedes that, absent that extra time to make progress, the son could not be returned to her custody. So termination was appropriate under Iowa Code section 232.116(1)(h) (2024). As for the son's best interest, the mother only makes a passing reference to this issue in her petition on appeal, so we find it waived. Similarly, the mother never advocated for a permissive exception during the termination hearing, and we cannot consider the issue for the first time on appeal. We thus affirm the termination of the mother's parental rights.

## I.     Factual Background and Proceedings

In March 2023, the mother[1] took her one-year-old son to the hospital after he suffered a head injury.  Although she reported he fell three feet from his bed, the treating physicians noted that the resulting injuries—a subdural hematoma and retinal hemorrhages—were inconsistent with that kind of fall and more likely resulted from "non-accidental trauma."  So the hospital performed a child-abuse assessment, which showed the son was also positive for methamphetamine.  The mother agreed to a safety plan placing the son with his grandmother.  And the son was later adjudicated in need of assistance and placed in his grandmother's custody.

Throughout the child-in-need-of-assistance proceedings, the mother struggled to care for herself and the son.  After moving into a new apartment, the mother got head lice.  She was provided with kits, sprays, and detailed instructions and videos.  But the mother reported she did not understand how to use the products, so the issue persisted for over nine months.  Her apartment also had a flea infestation, and the son was observed with flea bites after his visits with the mother.  She was offered parenting training but was discharged for missing too many sessions.  And during the sessions she did attend, the mother had trouble retaining the information.

The mother was referred for a psychological evaluation.  During that evaluation, the mother reported suffering from several mental-health conditions but

---

[1] We avoid using the parties' names to respect their privacy because this opinion—unlike the juvenile court's order—is public.  *Compare* Iowa Code § 232.147(2) (2024), *with id.* §§ 602.4301(2), 602.5110.

also that she "does not believe in medication" and fears it will cause her to gain weight. The evaluator also found the mother's cognitive abilities were on the "extremely low range of intellectual functioning." The evaluator expressed concern that, while the mother "has the potential to be able to learn basic care of her child," it would be hard for her to grasp "how her life decisions will indirectly impact her child and her child's safety."

Despite the mother's belief that therapy—rather than medication—was better for her, she skipped many mental-health appointments. She was later discharged as a patient by her healthcare provider for missing too many appointments. While visiting the son, the mother would sometimes be distracted or on her phone. And she could not always provide for the son's needs during those visits—relying on her mother or others for help providing diapers or snacks.

After roughly a year of little progress toward reunification, the State petitioned to terminate the mother's parental rights. After a hearing, the juvenile court terminated the mother's rights under paragraphs "d," "h," and "i" of Iowa Code section 232.116(1). The juvenile court emphasized the mother's inability to keep herself, and thus her son, safe and healthy. Indeed, it was unlikely the mother would ensure the son's medical needs were met, as she herself rarely attended appointments. The court also noted the mother's lack of progress in caring for the son—her discharge from the parenting training, her inattentiveness during visits, and her reliance on others to meet the son's needs. Significantly, the mother continued to offer shifting explanations for how the son's initial head injury occurred, none of which the court found credible. And so, because the son had

been out of his mother's care for over a year and the mother had not shown any meaningful improvement, termination was appropriate. The mother appeals.

**II.     Additional Time for Reunification**

The mother first argues that the juvenile court should have granted her six more months to work toward reunification rather than terminating her rights. Juvenile courts may "deny termination and give the parent an additional six months for reunification only if the need for removal 'will no longer exist at the end of the additional six-month period.'" *In re W.T.*, 967 N.W.2d 315, 323 (Iowa 2021) (quoting Iowa Code § 232.104(2)(b)). As with other issues within termination proceedings, our review is de novo. *Id.* at 322.

The mother never progressed beyond fully supervised visits, many of which were outside her home because of lice or flea concerns. While the mother believes she could make progress if given more time, she offered no evidence during the hearing to show how she would approach services, appointments, and caring for the son differently going forward. Indeed, she testified she believed she was prepared for visits with her son, met his needs, and was not at fault for missing appointments or failing to complete the parenting training.

While the law demands "patience" with parents, our "full measure of patience" is reserved for those "who attempt to remedy a lack of parenting skills." *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987). As we often emphasize, "the crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems." *Id.* (cleaned up). At the time of the hearing, the son had been removed from his mother's care for fifteen months. During that time, the mother made little progress in caring for herself or the son and has given us

no basis to find that she will improve going forward. And we share the juvenile court's concern about her shifting explanations for the son's initial head injury. Without that accountability, or other evidence showing the mother was close to reunifying with her son, the juvenile court correctly denied her request for additional time.

### III.    Termination Merits.

Our three-step termination framework is well established. First, the State must prove by clear and convincing evidence one or more grounds for termination. *See* Iowa Code § 232.116(1). Second, the State must similarly prove that termination is in the son's best interest. *See id.* § 232.116(2). And third, the parent carries the burden to show that one or more permissive exceptions should preclude termination. *See id.* § 232.116(3). Across our de novo review, we give due weight to the juvenile court's factual findings. *W.T.*, 967 N.W.2d at 322.

On the first step, the mother argues the juvenile court erred in terminating her rights under paragraphs "d," "h," and "i" of Iowa Code section 232.116(1). Yet the mother concedes all elements of paragraph "h," including that the son could not have been returned to her custody at the time of the hearing. *See* Iowa Code § 232.116(1)(h); *see also In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014). Because we have already found that the mother was not entitled to six more months, and she agrees that without that extra time the son could not be returned to her custody, we affirm termination under paragraph "h." *See In re L.H.*, 949 N.W.2d 268, 270 (Iowa Ct. App. 2020) (explaining when one ground for termination is supported, we need not consider other grounds).

Moving to the second step, the mother's petition on appeal makes only a passing reference to termination not being in the son's best interest. The mother's single buried sentence—not separately stated as one of "the legal issues presented for appeal"—without any further argument as to why termination is not in the son's best interest does not properly present the issue for our consideration. Iowa R. App. P. 6.1401—Form 5. Because we cannot "craft an argument on her behalf," we find the mother has waived any best-interest challenge. *In re L.F.*, No. 24-1141, 2024 WL 4620507, at *2 (Iowa Ct. App. Oct. 30, 2024).

Finally, the mother argues that termination should have been avoided because the son was in the custody of a relative. *See* Iowa Code § 232.116(3)(a). But our review of the hearing record does not show the mother argued for a permissive exception, nor did the juvenile court address this exception in its ruling. Because the doctrine of error preservation protects interests beyond the State's, it matters not that the State does not contest it here. *See Top of Iowa Coop v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000). And when a parent does not argue for a permissive exception during the termination hearing, the parent may not do so for the first time on appeal. *See In re J.R.*, No. 24-0942, 2025 WL 52738, at *2 (Iowa Ct. App. Jan. 9, 2025) (en banc). So we do not consider this permissive exception. And we thus affirm the termination of the mother's parental rights.

**AFFIRMED.**